IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALICIA MARIE BLEA,

      Plaintiff,

v.                                                              Civ. No. 20-1310 KG/GBW

KILOLO KIJAKAZI, *Acting Commissioner of
the Social Security Administration*,[1]

      Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the undersigned on Plaintiff's Judgment in a Civil Action, *see doc. 10*, pursuant to the Court's Order of Reference, *see doc. 12*. The undersigned construes Plaintiff's filing as a motion for default judgment. Having reviewed the filing and being fully advised in its premises, the undersigned FINDS that Plaintiff has not made the evidentiary showing to needed to obtain a default judgment against an officer of the United States and RECOMMENDS that the Court deny her default judgment.

**I.     BACKGROUND**

On December 17, 2020, Plaintiff, appearing *pro se*, filed a complaint on a template for Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 challenging Defendant's

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is automatically substituted for Andrew Saul as Defendant in this matter.

decision to deny her application for Social Security Disability Benefits.  *See id.* at 1.  She alleges twenty-seven points of error in the administrative law judge's factual findings, consideration of evidence, development of the evidentiary record, and explanations of findings for which the record contained conflicting evidence.  *See id.* at 3-4, 7-8.

On July 19, 2021, and November 2, 2021, Plaintiff used certified mail to post copies of her complaint along with summons to the Office of Regional Chief Counsel, Region VIII; the United States Attorney for the District of New Mexico; and the United States Attorney General.  *See docs. 5, 6, 7.*  On January 24, 2022, the Clerk of the Court entered a default against Defendant for not responding to Plaintiff's complaint.  *See doc. 9.*  Shortly thereafter, Plaintiff filed the instant Judgment in a Civil Action, which the undersigned construes as a motion for default judgment.

## II.    ANALYSIS

Plaintiff is not entitled to default judgment against Defendant, an officer of the United States.  Federal Rule of Civil Procedure 55(d) provides that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).  Indeed, "[w]hen the government's default is due to a failure to plead, typically the court will either refuse to enter a default or will set aside the default."  *Head v. Apfel*, 242 F.3d 888, 2000 WL 1786523, at *1 (10th Cir. Dec. 6, 2000) (unpublished table decision) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

2

Default judgment is even more limited in the social security context. "The findings and decision of the Commissioner of Social Security after a hearing [are] binding upon all individuals who were parties to such hearing" and not subject to judicial review except as provided in 42 U.S.C. § 405. 42 U.S.C. § 405(h). Under 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security." At least two circuit courts of appeals read this language to preclude courts from modifying or reversing "a decision of the [Commissioner] without considering the transcript of the record." *Poe v. Mathews*, 572 F.2d 137, 138 (6th Cir. 1978); *see also Williams v. Califano*, 593 F.2d 282, 284-85 (7th Cir. 1979).

While these decisions do not bind the Court, 42 U.S.C. § 405(g) precludes the Court from disturbing a decision by the Commissioner unless her findings lack substantial evidence, or her assessment of the evidence does not comport with the applicable legal tests. *See Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800–01 (10th Cir. 1991). As a practical matter, the undersigned does not see how a claimant may show the requisite error by the Commissioner when the record does not contain a copy of the Commissioner's decision to deny the claimant social security benefits and there is no other evidence in the record for its contents.

Plaintiff offers no evidence for the content of the Commissioner's decision to deny her benefits, let alone evidence that factual findings therein lack substantial evidence or that the decision's assessment of evidence for her disability violated applicable legal tests.[2]  *See doc. 10*.  Therefore, she has not discharged her burden under Federal Rule of Civil Procedure 55(d) to establish with evidence satisfactory to the Court her claim that the Commissioner committed a reversable error.

## III.    CONCLUSION

For the reasons above, the undersigned FINDS that Plaintiff has not made the requisite evidentiary showing to obtain a default judgment against Defendant, an officer of the United States, and RECOMMENDS that the Court deny Plaintiff default judgment.   IT IS HEREBY ORDERED that, in addition to serving Plaintiff with a copy of these proposed findings and recommended disposition, the Clerk of Court shall mail a copy of this order, along with a summons and a copy of Plaintiff's complaint to the Office of the Regional Chief Counsel, Region VIII, Social Security Administration, 1961 Stout Street, Suite 4169, Denver, CO 80294-4003 and the United States Attorney for the District of New Mexico, PO Box 607 Albuquerque, NM 87103.

---

[2] The undersigned's finding that evidence about the content of the Commissioner's final decision to deny a claimant's application for benefits is necessary to discharge a claimant's evidentiary burden under Federal Rule of Civil Procedure 55(d) does not extend to a finding that such evidence is sufficient to discharge these burdens.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**