IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALICIA MARIE BLEA,

      Plaintiff,

v.                                                                                    Civ. No. 20-1310 KG/GBW

KILOLO KIJAKAZI, *Acting Commissioner of the Social Security Administration*,

      Defendant.

## ORDER DENYING MOTION TO APPOINT COUNSEL AND EXTENDING BRIEFING DEADLINES

This matter is before the Court on Plaintiff's Response to Order to Show Cause ("Show Cause Response") (*doc. 30*) and Motion of Appointment of Attorney ("Motion") (*doc. 31*). Together, these filings request the Court to appoint an attorney to represent Plaintiff in this proceeding. Having reviewed Plaintiff's Motion and Show Cause Response, the Court finds that the Motion should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide

the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to h[er] claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation omitted).

In considering Plaintiff's Motion, the Court has reviewed the Motion and Plaintiff's Show Cause Response, relevant case law, and the pleadings filed in this case in light of the above-referenced factors.  Within her Motion, Plaintiff simply asserts that she "is unable to acquire an attorney to represent her."  *Doc. 31*.  Plaintiff's Show Cause Response adds that although Plaintiff has received some assistance with her appeal from her husband and "[o]ne other person . . . from my counselor's office," she has "difficulty meeting short deadlines," and experiences medical challenges involving cognition and ability to communicate.  *See doc. 30*.  These assertions are insufficient to persuade the Court that Plaintiff requires counsel, because it appears that Plaintiff is receiving some assistance with her appeal, and because Plaintiff was able to file a Complaint containing specific allegations without the assistance of an attorney.  *See doc. 1*.  Moreover, Plaintiff has not put forward any argument concerning why her appeal

has sufficient merit to warrant the appointment of counsel in this matter.  As such, the motion will be denied.

The following resources may be of assistance to Plaintiff in her effort to obtain legal representation in this matter:

(1) Lawyer Referral Service

NOSSCR (National Organization of Social Security Claimants' Representatives)

(845) 682-1881

(2) The New Mexico State Bar General Referral Program (SBGR)

(505) 797-6000 or 1-800-876-6227.

As Plaintiff's deadline to file a motion to reverse or remand passed on January 9, 2023, *see doc. 25*, the Court will give Plaintiff an additional 30 days to retain an attorney or, in the alternative, to proceed *pro se* and file a motion to reverse or remand.  If an attorney enters an appearance on Plaintiff's behalf within thirty days, the Court is prepared to entertain a motion to extend the briefing deadlines associated with Plaintiff's forthcoming motion to reverse or remand.  Plaintiff is warned that if an attorney does not enter an appearance on her behalf within 30 days and she has not filed a *pro se* motion to reverse or remand, the Court will recommend that her case be dismissed.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion of Appointment of Attorney (*doc. 31*) is **DENIED**.

**Within thirty (30) days of the entry of this Order**, EITHER (1) counsel for Plaintiff shall enter an appearance in this matter, OR (2) Plaintiff shall file a *pro se* motion to reverse or remand.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE